## BUCKEYE TRACTION DITCHER COMPANY, v. W. A. SMITH, Appellant.

**Sales:** APPROVAL ON·TRIAL: REJECTION. Under a contract to pay cash for a ditching machine on the trial of the same, the purchaser was not bound to accept the machine if it would not do the work for which it was purchased; but as the sale was conditional simply on the ability of the machine to do the work no right of rejection by the purchaser existed on the mere ground of dissatisfaction.

**Same:** PLEADINGS: EVIDENCE: PREJUDICE. Where plaintiff in an action for the price of a machine pleaded a specific contract and also the reasonable value; but on the trial the rights of the parties were made to turn solely on the question of whether there had been an acceptance, admission of evidence of the reasonable value, though erroneous, was not prejudicial.

**Same:** ADMISSION OF EVIDENCE. The rejection of evidence concerning a matter not in dispute was proper.

**Same:** COUNTERCLAIM: EVIDENCE. Where the jury found that there had been an acceptance of the machine by the purchaser, refusal to permit him to show the amount of freight paid under his counterclaim to an action for the price was not prejudicial.

**Same:** ACTION·FOR PRICE: EVIDENCE. Where there was an acceptance of a machine by the purchaser, exclusion of evidence that the author-

ized agent of the seller stated at the time of acceptance that if it did not do the work he need not keep it, was immaterial and without prejudice.

**Same:**  TEST: ACCEPTANCE:  PRESUMPTION.  Where machinery is purchased subject to test the purchaser is entitled to a reasonable time in which to make the test before he can be required to accept, but he is bound to make the test within such time; and if he fails to do so the law will presume an acceptance.

*Appeal from Harrison District Court.*—HON. O. D. WHEELER, Judge.

SATURDAY, DECEMBER 14, 1912.

SUIT to recover a part of the price of a ditching machine. Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*J. S. Dewell* and *Ross McLaughlin,* for appellant.

*C. A. Bolter* and *John E. Priddy,* for appellee.

SHERWIN, J.—This action was brought to recover the agreed price to be paid the plaintiff for a ditching machine, and for extras ordered therefor. The defense was that said machine was shipped to the defendant on trial, and that, after trial, it was rejected by him. Defendant also pleaded a counterclaim on an alleged breach of warranty, and to recover back the amount paid the plaintiff on the contract, and for freight paid on the machine, and for other items. Plaintiff denied a warranty of the machine, and pleaded an acceptance thereof. After seeing one of the plaintiff's catalogues descriptive of the machine, the defendant sent the following letter to the plaintiff, under date of June 16, 1908: "Gentlemen: Please ship one of your 11½ inch by 4½ ft. Buckeye traction ditchers to California Junction, Iowa. The ground to be ditched is of a gumbo nature and joint clay mixture, no hard pan or hard soil but all sticky. Terms cash on trial of ma-

chine." The plaintiff answered this letter on the 18th day of June, asking for more information as to whether the ground to be ditched was very soft or otherwise, and stated that, when the machine was shipped, a man would be sent to start the machine and make settlement therefor. The machine was shipped not long after this, and was tested under the direction of a man sent for the purpose by the plaintiff. This man spent three or four days with the machine, but was unable to make it work well or satisfactorily in gumbo soil. But, on his representations that the machine would work in such soil with a different set of wheels, the defendant paid him $600 on the purchase price. Further trial was made by the defendant with the aid of men sent by the plaintiff to assist him therein, but the machine never did do satisfactory work in gumbo. The evidence shows that the defendant notified the plaintiff on the 5th day of September, 1908, that he would not accept the machine at the price originally agreed upon, but offered to keep it if plaintiff would accept the $600 that he had already paid in full payment therefor. There is also evidence tending to show that the defendant authorized others to use the machine long after he had written the letter of September 5th. The case was submitted to the jury on the theory that there was no sale, nor any liability on the part of the defendant, unless it was found that he had accepted the machine after a trial thereof. There was evidence warranting a finding that there was an acceptance, and we now give our attention to the specific errors complained of.

Much of the appellants' argument is in support of its contention that the sale was conditional, and that defendant 1. SALES: approval on trial: rejection. was not bound to accept and pay for the machine, if it did not do the work for which it was wanted. There is no question as to the correctness of this position. The defendant was not bound to accept the ditcher, and the court in effect so instructed the jury. The question that was determinative of the rights of the parties was whether or not there had been an acceptance of

the machine, notwithstanding its failure to work in gumbo soil. The defendant had work for it in other soil, and, as we have already said, the jury was justified in finding that there was an acceptance after trial. The contract of sale nowhere provides that a sale is conditional on the defendant's satisfaction with the machine. The condition was that it should work in gumbo soil; hence appellant's authorities to the effect that plaintiff might reject it, if it was unsatisfactory to him, are not in point. The defendant's principal objection to the machine was based on the ground that the dirt-carrying buckets would not empty in gumbo without assistance. He knew that such was the case, when he made the payment of $600 to plaintiff's agent on the condition, as defendant himself states, that other wheels would remedy the difficulty. These wheels were intended to carry the machine over wet ground, and it does not appear that they would, in any way, remedy the fault with the buckets.

Plaintiff pleaded on specific contract, and also alleged that the ditcher was reasonably worth the price charged

2. SAME: pleadings: evidence: prejudice.

therefor. The court admitted some evidence offered by plaintiff on the question of value, and rejected evidence offered by the defendant on the same question. As the pleadings stood we think all of this evidence was inadmissible, because the whole case was tried on the theory that the rights of the parties depended wholly on the question whether there had been an unqualified acceptance of the machine by the defendant after trial thereof, and, such being the case, it is manifest that the reception of the evidence complained of was not prejudicial to the defendant.

Further complaint is made, because the court refused to permit the defendant to show the contents of the cata-

3. SAME: admission of evidence.

logue that he had ordered from; the evidence being offered for the purpose of showing that the machine was not to be paid for until finally tested. There was no question about this under the contract, and the ruling was therefore correct.

Defendant was not permitted to show what freight he had paid. If the ruling was wrong, a question we do not decide, it could not have been prejudicial to the defendant, because the jury found that there had been an acceptance of the machine, and that defendant was not entitled to recover back any sum that had been paid on account thereof.

4. SAME: coun-
terclaim: evi-
dence.

Defendant offered to show that plaintiff's agent, Priddy, stated to him the next morning after the $600 was paid to him for the plaintiff that, if "we don't make it work, you won't have to pay a cent for it." Priddy had been sent there by the plaintiff to demonstrate the machine, and to settle therefor, and, in the absence of any limitation on his power to settle, it would be presumed that his power was general, and we think the offered testimony was competent, if material. But, if the payment of the $600 the day before was an unconditional acceptance of the machine, the evidence was immaterial, because it was then too late for the defendant to repudiate it. And, if such was not the case and the acceptance occurred at a later day, it was still immaterial, because the contract was that the machine was not to be paid for unless it was made to work.

5. SAME: action
for price:
evidence.

The court instructed that, under the terms of the contract, defendant was entitled to receive and test the machine for a reasonable length of time before he would be required to accept or reject the same, and that he would be bound to make a reasonable test thereof within a reasonable time after its receipt, and either accept or reject the same; and, further, that, if he failed to reject within a reasonable time, the law would presume an acceptance. We think the trial court properly construed the contract. The defendant required a trial of the machine, which was to be made by himself, so far as his letter of June 16th indicates, and he did in fact try it in the absence of plaintiff's agents. Under the con-

6. SAME: test:
acceptance:
presumption.

tract he clearly would have no right to receive the machine and keep it indefinitely without giving it the trial contemplated, and escape liability therefor because he had not tried it.

Criticism is made of the instructions on the question of an acceptance by the payment of the $600 paid to Priddy, but we think the question was presented in its most favorable light for the defendant, and that the complaint is without merit.  Our conclusion is that the case was fairly tried and submitted to the jury without prejudice to any of defendant's substantial rights, and that the judgment should be, and it is, *Affirmed.*